[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE STIPULATED JUDGMENT
This is an action by a Portuguese corporation to recover sums allegedly due for tiles sold and delivered to defendant corporation. On December 31, 1990, the attorneys for the parties entered into a stipulated judgment against the defendant corporation in the amount of $100,000, the stipulation further providing for the assignment to plaintiff of other judgments against third parties and the execution of releases by the plaintiff of named individual directors and shareholders of the defendant corporation.
On April 22, 1991, attorney for the plaintiff corporation moved to set aside the judgment and filed an affidavit stating that he had discussed by overseas telephone all the terms of the stipulated judgment with Gil Neto the Portuguese attorney of the plaintiff corporation, believed he had his understanding and consent, but when he forwarded for execution the release of the named stockholders to be executed, he was advised by Mr. Neto that he had not understood this condition and had agreed to such releases and the plaintiff would not execute them. This motion was first argued to this court on May 5, 1991, and under an extension of time agreement, an additional affidavit this time executed by Mr. Neto was filed on August 19, 1991 which essentially stated he was manager of the plaintiff corporation, that his primary language was Portuguese, that because of this he had not understood that the execution of individual releases was a condition of the stipulation and that he wished to proceed with the trial as he had been ready to do in December. Further arguments on this motion were heard on September 19, 1991.
Practice Book 326 vests discretion in this court to set aside a judgment if a motion has been made within four months and there is a good and compelling reason to do so. Hirtle v. Hirtle, 217 Conn. 394, 398 (1991). Even though a stipulated judgment is not a judicial determination of any litigated right, it cannot ordinarily be set aside unless it is shown that the stipulation was obtained by fraud, accident or mistake. Gillis v. Gillis, 214 Conn. 336, 340 (1990). Plaintiff does not claim fraud, accident or mistake in this case but claims, in effect, that his client did not consent to the individual release portion of the stipulation, even though his attorney thought he did, because of the language barrier. Our supreme court has recognized that a stipulated judgment may be set aside if a actual absence of consent can be shown. Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466 (1981); Acheson v. White, 195 Conn. 211, CT Page 8334 215 (1985).
This motion to set aside was made within the four month period of Practice Book 326. The portion of the stipulation at issue in this case involves the release of individuals not parties to this case and in the absence of stipulation this court could not enter such a judgment under its own power. The court finds the affidavits credible and believes that Mr. Nero did not understand this particular stipulation because of the language situation. It does not appear that any action has been taken under the stipulated judgment which would prejudice the basic rights of the parties.
While a stipulated judgment should not be set aside lightly, the court concludes under all the circumstances, that the stipulated judgment dated December 31, 1990, should be, and it is hereby, set aside.
WAGNER, J.