## CELANESE FIBER, DIVISION OF CELANESE OF CANADA, LTD. *v.* PIC YARNS, INC., ET AL.

BOGDANSKI, C. J., HEALEY, PARSKEY, ARMENTANO and WRIGHT, JS.

Argued April 9—decision released June 16, 1981

*James P. Driscoll,* with whom, on the brief, was *Peter J. Strassberger,* for the appellant (defendant).

*Riefe Tietjen,* for the appellee (plaintiff).

ARMENTANO, J. The plaintiff commenced this suit against the defendants, Pic Yarns, Inc., Mack Haut and Donald St. John, alleging a trade debt against the corporate defendant, the payment of which was personally guaranteed by the individual defendants. On September 25, 1979, as a result of a pretrial conference and discussion, in which *Zarrilli, J.* participated, the case was settled. On the same day, a stipulated judgment was rendered in favor of the plaintiff against all the defendants in the amount of $75,000, without interest and costs, provided that the judgment was paid to the plaintiff no later than March 25, 1980.

At the time of the rendering of this judgment in favor of the plaintiff, the court, *Zarrilli, J.,* inquired of each of the individual defendants, who were present in court, whether they understood the judgment and whether the judgment was agreeable to them and to the corporate defendant. In response to the court's examination, the individual defendants responded that they did understand the meaning of the judgment and that it was acceptable to them and to the corporate defendant.[1]

---

[1] The following dialogue took place:

"The Court: This is Docket Number 151974, Celanese Fibers Division vs. Pic Yarns, Incorporated, Et als. Now, Gentlemen, do I understand that you have reached an agreement in this case?

On or about March 25, 1980, when the sum due on the judgment became due, St. John contacted the Norwalk bank with which he did business and directed that bank to wire $75,000 in Canadian currency to the account of the plaintiff in Canada. When the plaintiff became aware of the deposit of

"Mr. Traub: We have, your Honor.

"Mr. Billings: Yes.

"The Court: Do you want to spell it out for the record, Mr. Traub?

"Mr. Traub: If your Honor please. As I understand this agreement, it's in the case which your Honor just cited, that on or before six months from this date, the latest date being March 25, 1980, the defendants will pay to the plaintiff the sum of $75,000 without costs, and no interest to be assessed if it's paid within that period of time.

"The Court: All right.

"Mr. Traub: And I would like also, if I may, the record reflect that Mr. Donald MacDonald, the assistant treasurer of the plaintiff Celanese Corporation, is present in the courtroom. I have explored the matter with him, and I have had his authorization and permission to make this Stipulation.

"The Court: Mr. Billings, on behalf of the defendants?

"Mr. Billings: Yes, that's correct. The Judgment should enter against the Pic Yarns, Incorporated, Donald St. John and Mack Haut; and it is my understanding and it is our agreement, of the parties, that that is in fact the agreement; that it would be $75,000 payable on or before March 25, 1980, without interest and without costs if paid before that date. Both of my clients, Mack Haut and Donald St. John, who are involved in this matter personally, are present here in the courtroom.

"The Court: All right. May I have your name again, Sir?

"Mr. MacDonald: Donald MacDonald. M a c, Capital D.

"The Court: All right, Mr. MacDonald, do you understand the terms of this stipulation?

"Mr. MacDonald: Yes, Sir.

"The Court: Do you understand that once a Stipulated Judgment is entered, you can't change your mind; you understand that?

"Mr. MacDonald: Right, Sir.

"The Court: And do you fully consent to the sum of $75,000 without costs and interest for six months, to be full and final settlement of your claim?

"Mr. MacDonald: Yes, Sir.

"The Court: And it is the claim of the Plaintiff, the Celanese Fibers Division of Celanese Canada, Limited, is that the name?

"Mr. Traub: That's correct.

those funds in its bank account, the plaintiff refused this tender of performance and demanded that the judgment be paid in United States currency.

On August 8, 1980, St. John filed a motion to open judgment, alleging that, in consenting to the stipulation for judgment, he was of the opinion that he was stipulating to the payment of $75,000 in Cana-

"Mr. MacDonald: The name is now Canada, Inc.

"The Court: Canada, Inc?

"Mr. MacDonald: Yes, it's been changed just recently.

"The Court: Do you agree to the terms of this Stipulation?

"Mr. MacDonald: Yes, Sir.

"The Court: And, let's see, Mr. Haut is in the courtroom and Mr. St. John? You understand the terms of this Stipulation?

"Mr. St. John: Yes.

"The Court: And do you fully agree to the terms therein? Do you understand that this is in full and final settlement of all claims that can be made by the plaintiff Celanese against you, individually and as against the Corporation, is it Pic Yarns, Incorporated? In other words, it's in full and final settlement of all claims against Donald St. John, Mack Haut and Pic Yarns, Incorporated; do you understand that?

"Mr. St. John: Yes.

"Mr. Haut: Yes.

"The Court: The Court would also like the record to reflect that I have discussed this matter in chambers with respective attorneys and also with Mr. Donald St. John and Mack Haut. I did not discuss it in chambers with Mr. MacDonald. But, I'd like the record to so reflect. Now is there anything that I said to you that over-influenced you or do you think that I was over-bearing in what I said or, after reflecting upon what was said, is this your free act and deed?

"Mr. St. John: It's a free act and deed, your Honor.

"The Court: Mr. Haut?

"Mr. Haut: It is a free act and deed.

"The Court: All right. This is on behalf of the Corporation also?

"Mr. St. John: Yes.

"The Court: All right. Thank you.

A Stipulated Judgment may enter for the Plaintiff to recover against these Defendants the sum of $75,000 without costs and interest, and the sum is to be paid within six months from date hereof, which is March 25th, 1980.

"Mr. Traub: Thank you for your help, your Honor."

dian currency, and not in United States currency, in accordance with the previous business practice between the parties.

The motion was heard at the short calendar before Judge Zarrilli. St. John offered no witnesses or other supporting evidence in support of his argument. Judge Zarrilli, who remembered the case, the stipulation in open court, his inquiry of the defendants, and the understanding and assent of the parties to the judgment, denied the motion. From this denial, St. John has appealed.

General Statutes § 52-212a[2] and Practice Book § 326,[3] each identically worded, state that unless otherwise provided by law, a motion to open judgment must be filed "within four months succeeding the date on which it was rendered." In this case the court rendered judgment on September 25, 1979, and St. John filed his motion to open judgment on August 8, 1980. Since the motion was filed more than "four months succeeding the date on which [the judgment] was rendered," the trial court lacked jurisdiction to open the judgment unless the "otherwise provided by law" exception applies.

---

[2] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set side unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

[3] Practice Book § 326 provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

"It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened [after the four month limitation] . . . if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or because of mutual mistake. See *Sparaco* v. *Tenney,* 175 Conn. 436, 437–38, 399 A.2d 1261 [1978]; *Bryan* v. *Reynolds,* 143 Conn. 456, 460–61, 123 A.2d 192 [1956] . . . ." *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980). There is no claim by St. John that the stipulation for the judgment was obtained by fraud, duress or mutual mistake. In light of the defendant's responses to the court's inquiries on the day the judgment was rendered, we conclude that there was no actual absence of consent to the making of the stipulation or to the rendering of the judgment. See footnote 1, supra. The trial court could not hear the defendant's motion to open.

During the preliminary negotiations for a stipulated judgment, there never was any mention, by the parties or the court, as to the kind of currency to be used in the payment of the judgment. In the absence of such discussion, it is logical to assume that payment would be made in United States currency, the currency at the place where the judgment was rendered. If it were otherwise, St. John should have inquired about it and insisted upon payment in Canadian currency before he consented and agreed to the rendering of judgment.

If we assume arguendo that St. John filed his motion to open judgment within the four month period of limitation, he still would not succeed on appeal. A motion to open and vacate a judgment

filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d 240 (1971); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959). Considering the circumstances surrounding the rendering of the stipulated judgment and the active role played by the court, we are of the opinion that it did not abuse its discretion in denying St. John's motion to open judgment.

There is no error.

In this opinion the other judges concurred.