J. E. VAN MECKLENBURG *v.* PAN AMERICAN
WORLD AIRWAYS, INC.
(12489)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 7—decision released June 25, 1985

*Leslie Szilagyi,* for the appellant (plaintiff).

*Mark R. Carta,* with whom, on the brief, was *Michael J. Jones,* for the appellee (defendant).

PER CURIAM. In December of 1977, the plaintiff, Johannes Van Mecklenburg, instituted suit against the defendant, Pan American World Airways, Inc., to recover damages arising from an alleged breach of a charter contract. On December 3, 1979, the trial court dismissed the case on its own motion pursuant to Practice Book § 251, for failure to prosecute with diligence. The plaintiff timely filed a motion to open judgment, which the trial court granted on June 23, 1980.

On June 11, 1982, the trial court again dismissed the action pursuant to § 251. The plaintiff filed a motion to open the judgment of dismissal on October 8, 1982,

but failed to pay the accompanying filing fee. Although the trial court clerk who handled the motion stamped it as received by the court on October 8, upon realizing that the required fee had not been paid, the clerk crossed out the October 8 receipt date on the face of the motion and immediately returned it to the plaintiff. On October 15 the plaintiff refiled the motion and paid the fee. The trial court, *Satter, J.,* opened the June 11, 1982 judgment dismissing the case despite the defendant's objection that the motion as refiled was untimely and therefore the court lacked jurisdiction.

In a memorandum of decision issued after a trial on the merits, the court, *Gaffney, J.,* found the substantive issues for the defendant, and also found that, in any event, the plaintiff lacked standing to sue on the contract. The plaintiff sought review of the trial court's decision in the Appellate Court. We transferred the case to this court pursuant to Practice Book § 3004A. We find error.

"Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed." General Statutes § 52-212a; Practice Book § 326. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. *Celanese Fiber* v. *Pic Yarns, Inc.,* 184 Conn. 461, 465, 440 A.2d 159 (1981); see *Misinonile* v. *Misinonile,* 190 Conn. 132, 134, 459 A.2d 518 (1983). The present action was dismissed by the trial court on June 11, 1982. The plaintiff did not file a motion to open the judgment until October 15, 1982, more than four months later. Under the circumstances, the trial court was simply without jurisdiction to order that the pro-

ceedings be reopened. The order of dismissal should have been left undisturbed and the trial court therefore erred in hearing the case on the merits.

The plaintiff claims that, for purposes of the four month rule, October 8, and not October 15, should be considered the actual date on which the motion was filed. He argues that there was no need for the clerk's office to return his motion and change the original filing date because General Statutes § 52-259c, which requires the payment of this filing fee, does not specifically provide that a motion not accompanied by the fee will be returned.

General Statutes § 52-259c states that "[t]here shall be paid to the clerk of the superior court a fee of fifteen dollars upon the filing of any motion to open . . . any civil judgment rendered in superior court . . . ." It is clear from the language of this statute that payment of such fee is mandatory upon the filing of a motion to open. It therefore follows that an otherwise properly filed motion to open will not be accepted by the court unless accompanied by the filing fee. Since the plaintiff did not pay the required fee until October 15, the motion was not filed until that date, and as such, is untimely under the four month rule.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's complaint.