[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 27, 1989, the plaintiff, Cynthia Carr, filed a two-count complaint sounding in negligence against the defendants, S. William Bromson, fiduciary of the estate of Walter Graham, and Curtis Jones. The plaintiff seeks damages for injuries she allegedly sustained in an automobile accident that occurred on or about June 28, 1987, when a car owned and operated by the defendant Curtis Jones and in which the plaintiff was a passenger collided with a car owned and operated by Walter Graham, now deceased. The plaintiff's case was dismissed by the court pursuant to P.B. Section 251 on June 23, 1989. On August 2, 1989, the plaintiff moved pursuant to P.B. Section 377 to reopen the judgment. Section 377, which governs the opening of judgments upon default and nonsuit, does not apply to the present case. Practice Book Section 326 and Section 52-212a of the General Statutes govern the present case. The defendant has filed an opposing memorandum of law.
 The latter two are parallel provisions. P.B. Section 326 provides in pertinent part that,
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
"Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518 (1985). It is within the trial judge's discretion to grant or deny a timely motion to open a judgment. See Acheson v. White,195 Conn. 211, 214-15 (1985).
In the present case the plaintiff filed a motion to reopen the judgment on August 2, 1989. This, was less than four months after the plaintiff's case was dismissed on June 23, 1989. The plaintiff has complied with the time requirements set forth in P.B. Section CT Page 461 326, and the court exercises its discretion and grants the plaintiff's motion to reopen the Section 251 dismissal.
BY THE COURT, CHARLES D. GILL, JUDGE