[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 17, 1987, the plaintiff, John P. Lane, Jr., filed a one-count complaint sounding in negligence against the defendant, Ruth Kelly, seeking damages for injuries he allegedly sustained in an automobile accident when his motor vehicle collided with the defendant's motor vehicle. On December 9, 1988, the plaintiff's case was dismissed pursuant to P.B. Section 251. On February 9, 1990, the plaintiff filed a motion to open the judgment of dismissal pursuant to P.B. Section 326. The defendant filed a memorandum of law in objection to the plaintiff's motion. CT Page 413
Practice Book Section 326 provides in pertinent part that,
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil. Judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
"Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American World Airways Inc., 196 Conn. 517, 518 (1985).
In the present case the plaintiff filed a motion to open the judgment on February 9, 1990. This was more than four months after the plaintiff's case was dismissed on December 9, 1988. The plaintiff's failure to comply with the time limitations set forth in Section 326 deprives the court of subject matter jurisdiction over his case. Accordingly, the plaintiff's motion to open judgment is denied.
BY THE COURT CHARLES D. GILL, JUDGE