[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 1, 1988, pursuant to the accidental failure of suit statute, Section 52-592 of the General Statutes, the plaintiff, Kathleen Elliott, filed a two-count complaint sounding in negligence against the defendant, the Connecticut Transit Authority ("Authority"), seeking damages she allegedly sustained when she slipped on the steps of the defendant's bus on CT Page 414 or about January 10, 1985. The defendant filed a motion to strike the plaintiff's complaint on August 22, 1988, which was granted by Hammer, J., on September 6, 1988. On June 30, 1989, the plaintiff filed a revised complaint. Then, on December 8, 1989, the court dismissed the plaintiff's case pursuant to P.B. Section 251.
On April 9, 1990, the plaintiff filed a motion to reopen the judgment of dismissal. The defendant has filed a memorandum of law objecting to the plaintiff's motion to open.
Although the plaintiff has failed to specify under which statute or practice book section she is moving to open judgment, Section 52-212a of the General Statutes and P.B. Section 326 are the appropriate provisions.
The latter two are parallel provisions.
P.B. Section 326, provides in pertinent part that,
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
"Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four-months after a decision is rendered." Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518 (1985).
In the present case the plaintiff filed her motion to reopen judgment on April 9, 1990. This was more than four months after the plaintiff's case was dismissed pursuant to P.B. Section 251 on December 8, 1989. The plaintiff's failure to comply with the time requirements set forth in P.B. Section 326 and Section52-212a deprives the court of subject matter jurisdiction over her case. Accordingly, the plaintiff's motion to open judgment is denied.
BY THE COURT, CT Page 415 CHARLES D. GILL, JUDGE