[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action has been brought against the Connecticut Natural Gas Corp. and the Greenwich Broadcasting Corp. ("Greenwich") seeking monetary damages for personal injuries caused by the alleged negligence of the defendants.
The complaint was returnable to the Superior Court with a return date of April 30, 1991. The complaint was originally forwarded to the clerk on April 23, 1991, but was returned to the plaintiff's attorney by a memo stating that the papers would not be filed because of an incorrect filing fee. On the complaint, the original filing date was crossed out and the complaint bears a filing date of April 29, 1991.
Greenwich has filed a motion to dismiss the complaint on the grounds that the plaintiff failed to comply with the provisions of General Statutes Section 52-46a which requires that the process shall be returned to the clerk at least six days before the return day. The plaintiff claims in a memorandum, that the "filing" of the process on April 23, 1991 complies with the provision of General Statutes Section 52-46a on the grounds that the process was accompanied by a check in the amount of $150 which exceeds the required filing fee of $125.
The provisions of General Statutes Section 52-46a are mandatory and the failure to comply renders the proceeding voidable. Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431 (1989). General Statutes Section52-259 (a) provides that "[T]here shall be paid to the clerks for entering. . . every civil action in the Superior Court, one hundred twenty five dollars." The forwarding of a check in the amount of $150 is not in compliance with the requirement of payment of "One hundred twenty five dollars." The proper fee was not paid until April 29, 1991 and therefore, the process was not returned to the clerk until that date. See, Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517 (1985).
The process was not returned to the clerk in compliance with General Statutes Section 52-46a and accordingly, the motion to dismiss is granted.
RUSH, J. CT Page 9412