[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION UPON MOTION FOR RECONSIDERATION CT Page 2345
This case arises out of an automobile accident which allegedly occurred on June 17, 1987. The plaintiff alleges, in his complaint dated May 18, 1989, that the defendant negligently struck the rear of the plaintiff's vehicle, causing the plaintiff to sustain severe injuries, losses, and other damages. The defendant filed an answer with special defenses on September 28, 1990.
On October 14, 1992, the court rendered a judgment of dismissal pursuant to Practice Book 251 for failure to prosecute with due diligence. On March 26, 1993, over four months after the judgment was entered, the plaintiff filed a motion to open the judgment, claiming that the matter had been placed on a "settled but not withdrawn" list after a pre-trial hearing. On April 2, 1993, the defendant filed an objection to the plaintiff's motion. In his objection, the defendant argued that under Practice Book 326, a motion to open must be filed not later then four months after the date of judgment. Notwithstanding the untimeliness of the motion, the court, Aronson, J., granted the plaintiff's motion to open the judgment on April 5, 1993.
On April 23, 1993, the defendant filed a motion for reconsideration, claiming that the court lacked jurisdiction to open the judgment of dismissal since the plaintiff failed to file the motion within the four-month period established by the Practice Book. The plaintiff, in his opposition to the motion for reconsideration, claimed that the court's prior order opening the judgment of dismissal should stand because: (1) the motion was timely drafted, but due to a clerical error in plaintiff's counsel's office, it was not timely filed; and (2) since dismissal of the case from the "settled but not withdrawn" list does not constitute a judgment within the meaning of Practice Book 377, the case is governed by Practice Book 376 under which the court has discretion to grant the plaintiff's motion. For the following reasons, the Court concludes that neither of the plaintiff's grounds afforded him a valid basis for the granting of his motion to open.
Practice Book 326 provides, in pertinent part, as follows: CT Page 2346
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed.
Practice Book 326; General Statutes 52-212a. Similarly, Practice Book 377, in turn, provides that: "Any judgment rendered or decree passed upon a default or nonsuit maybe set aside within four months succeeding the date on which it was rendered or passed . . . upon the written motion of any party . . . showing reasonable cause . . . ." Id. Absent a waiver, this court does not have jurisdiction to open or set aside a judgment unless a motion to open has been filed within four months. Since the motion to open in this case was filed more than four months after judgment was rendered, upon the defendant's motion for reconsideration, the plaintiff's motion to open the judgment must be denied.
In Van Mecklenburg v. Pan American World Airways,196 Conn. 517, 494 A.2d 549 (1985), an analogous case, the Connecticut Supreme Court reversed a trial court's decision to open a judgment where the motion was filed four months and four days after the judgment was rendered. In doing so, the Court declared:
 Unless the parties waive the time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. . . . Under the circumstances, the trial court was simply without jurisdiction to order that the proceedings be reopened. The order of dismissal should have been left undisturbed . . . .
(Citations omitted.) Id., 518-19.
In Batory v. Bajor, 22 Conn. App. 4, 575 A.2d 1042
(1990), the Connecticut Appellate Court stated:
 While courts have an inherent power to open, correct and modify judgments; Steve Viglione Sheet CT Page 2347 Metal Co. v. Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037 (1983); the duration of this power is restricted by statute and rule of practice. In order for a trial court to open a civil judgment, a motion to open or set aside must be filed within four months of the date that judgment is rendered. General Statutes 52-212a; Practice Book 326 . . . . Where . . . the motion is untimely and the time limitation has not been waived, the trial court is without jurisdiction to entertain the motion. Van Mecklenburg v. Pan American World Airways, Inc., supra, 196 Conn. at 518, 494 A.2d 549.
Id., 8-9.
In Celanese Fiber, Ltd. v. Pic Yarns, Inc., 184 Conn. 461,440 A.2d 159 (1981), a defendant moved to open a judgment more than ten months after it was rendered. In affirming the trial court's denial of the motion to open, the Court declared: "Since the motion was filed more than `four months succeeding the date on which [the judgment] was rendered,' the trial court lacked jurisdiction to open the judgment unless the `otherwise provided by law' exception applies." Id., 465. The Court further stated that the only judgments falling within the "otherwise required by law" exception were judgments obtained by fraud, duress, or mutual mistake. Id., 466. Plainly none of these circumstances is alleged to apply to the case at bar.
Accordingly, upon the defendant's motion for reconsideration, the plaintiff's motion to open the judgment is hereby denied.
Michael R. Sheldon Judge