[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Two motions heard at short calendar present issues relating to General Statutes § 31-293, which do not appear to have been addressed previously. By way of background, the plaintiff, Greenwich Hotel Limited Partnership d/b/a Hyatt Regency Hotel (Greenwich Hotel), a hotel in Old Greenwich, employed John McCarthy as a waiter. McCarthy was injured on April 17, 1989, when an elevator maintained by the defendants, Schindler Corporation, Schindler Elevator Corporation and Westinghouse Electric Corporation, malfunctioned. The plaintiff paid workers' compensation benefits to McCarthy, who subsequently intervened in this action as a co-plaintiff pursuant to General Statutes §31-293, which permits an employer or employee to intervene in the other's action against a third party. Also intervening in plaintiffs action against the defendants was the Treasurer of the State of Connecticut, as Custodian of the Second Injury Fund (Treasurer). General Statutes § 31-254.
A Practice Book § 251 dormancy dismissal entered in this case against the named plaintiff, Greenwich Hotel, as well as the intervening co-plaintiffs, McCarthy and the Treasurer on December 11, 1992. On January 25, 1993 Greenwich Hotel moved to open or vacate the dismissal entered against it. This motion was granted on June 14, 1993, and was expressly limited to the only plaintiff, Greenwich Hotel, that had moved to open the dismissal. No such motion was filed by the intervening plaintiffs, McCarthy or the Treasurer, within four months of December 11, 1992, or for that matter, at any time. General Statutes § 52-212a; CT Page 4787 Practice Book § 326. See also [Van Mecklenburg v.American Airways, Inc.], 196 Conn. 517, 518,494 A.2d 549 (1985).
The Treasurer has now moved (#141) to again intervene as co-plaintiff, and claims the right to do so because "notification of this action was not made pursuant to the requirements of Conn. Gen. Stat. 31-293." However, the motion to intervene does not note that the Treasurer had already intervened in Greenwich Hotel's action against the defendants on October 2, 1991, when its motion (#105) to intervene was granted. The Treasurer did not file a motion to open the Practice Book § 251 dismissal entered against it on December 11, 1992. The Treasurer claims that it nevertheless has a right to intervene a second time because of a lack of proper notice by the plaintiff of its commencement of a suit against the defendants. It is noted that the Treasurer's prior intervention was also based on this same statute. If no notice of a suit against a third party is provided by the employer or employee, the thirty day period for an intervenor is never triggered and the Treasurer could intervene at any time. However, the Fund already intervened in this action and its case was dismissed. The court does not agree that the Treasurer now has a second and brand new opportunity to intervene. The Treasurer knew of plaintiff Greenwich Hotel's action against the defendants and did formally intervene as a result of this knowledge. That intervention has been terminated by Practice Book § 251 and the court now lacks jurisdiction to permit the Treasurer to reintervene at this time.
McCarthy has moved (#145) for a "reconsideration" of the court's June 14, 1993 order vacating the Practice Book § 251 dismissal against plaintiff Greenwich Hotel only. as it was the only moving party. McCarthy's theory is that his action is derivative of his employer's action against the defendants, and hence when the plaintiffs motion to open the dismissal was granted, this automatically vacated the dismissal as to McCarthy as well. The court disagrees, because McCarthy's action against the defendants is independent of plaintiff's action, and as an intervening co-plaintiff, he was obliged to file his own independent motion to open the judgment of dismissal.
McCarthy's other theory is that the judgment of dismissal should be vacated as to him because the defendants did not notify him that they were appearing at the short calendar of June 14, 1993 to argue, unsuccessfully as it turned out, that plaintiff's CT Page 4788 motion to vacate the § 251 dismissal should be denied. The motion heard at the June 14, 1993 calendar, however, was by Greenwich Hotel only. The motion to open was not filed by. nor did it involve McCarthy. He had four months from December 11, 1992 to move to set aside the § 251 dismissal, and thereafter this court lacks jurisdiction to vacate that dismissal. Thus, McCarthy's motion for "reconsideration" is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of May, 1994.
William B. Lewis, Judge