[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT OF DISMISSAL (#110)
Hoberman McGuigan Friedman McNamara Ruberto for plaintiff.
Halloran Sage for defendant.
On September 22, 1992, the plaintiff, Nur Khan, commenced this action against defendants Dunville's Restaurant, James Colgan, and Video Town, Inc., to recover for personal injuries allegedly sustained as a result of the defendants' negligence. The plaintiff alleges that he was injured when he fell in a parking lot that was owned, leased or controlled by the defendants.
On July 26, 1993, pursuant to Practice Book § 231, defendant Video Town filed a motion for nonsuit based on the plaintiff's failure to respond to interrogatories and requests for production. Nonsuit was entered by this court (Fuller, J.) on December 6, 1993. The case appeared on the dormancy calendar dated October 20, 1993. On December 10, 1993, a judgment of dismissal under Practice Book § 251 was entered based on the plaintiff's failure to prosecute the action with reasonable diligence.
On April 18, 1994, the plaintiff filed a motion to open the judgment of dismissal (#110). The defendants have filed objections to the plaintiff's motion to open judgment of dismissal (#111, 112, and 113), along with memoranda of law in opposition to the plaintiff's motion. The plaintiff filed a reply to the defendants' objections on April 28, 1994 (#114). Because certain facts were disputed by the parties, on July 6, 1994, this court (Ballen, J.) held a hearing pursuant to Morelliv. Manpower, Inc., 34 Conn. App. 419, A.2d (1994), so that the parties would have the opportunity to present evidence and cross-examine adverse witnesses.
Practice Book § 251 provides in pertinent part that:
 If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to [Practice Book § 196], or CT Page 7904 on its own motion, render a judgment dismissing the action with costs. At least two weeks notice shall be required except in cases appearing on an assignment list for final adjudication. . . .
"The two week notice requirement, where applicable, allows a party to offer an explanation for his delay, or to cure the deficiency that is the basis for the proposed dismissal."Jaconski v. AMF, Inc., 208 Conn. 230, 234, 543 A.2d 728 (1988). In the present case, at the "Morelli" hearing, defendant Dunville's counsel produced a copy of the October 20, 1993 dormancy calendar. (Defendants' exhibit C.) The plaintiff's counsel testified that while he received a number of calendars, he did not recall whether he received the October 20, 1993 dormancy calendar. A judgment of dismissal was entered on December 10, 1993. (Defendants' exhibit B.)
"[T]he proper way to open a [Practice Book] § 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book § 326." Pump Services Corp. v. Roberts,19 Conn. App. 213, 216, 561 A.2d 464 (1989). Practice Book § 326 provides that:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . .
(Emphasis added.) See also General Statutes § 52-212a. General Statutes § 52-259c provides in pertinent part that "[t]here shall be paid to the clerk of the superior court upon the filing of any motion to open . . . any civil judgment rendered in superior court a fee of sixty dollars. . . ."
In the present case, the notice of judgment of dismissal, which was rendered on December 10, 1993, is dated December 17, 1993. (Defendants' exhibit B.) The notice is stamped by CT Page 7905 defendant Dunville's attorney's office as "received Dec. 22, 1993." The plaintiff's attorney testified at the hearing that his office received the notice on or after December 18, 1993. The trial court lacks jurisdiction to entertain a motion to open that is filed more than four months after a judgment of dismissal was rendered. Van Mecklenburg v. Pan American WorldAirways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1988). An exception to this rule may arise where the plaintiff alleges and proves that he never received actual notice of the judgment of dismissal from the court (or that he did not receive such notice until after the four-month period to file the motion to open has passed), and as a result, was deprived of the opportunity to file a motion to open within the four-month period. See Morelliv. Manpower, Inc., supra, 34 Conn. App. 589, 595,559 A.2d 1149 (1989); DiSimone v. Vitello, 6 Conn. App. 390, 393,505 A.2d 745 (1986). In the present case, the plaintiff acknowledges that he received actual notice of the judgment of dismissal between December 18, 1993, and December 24, 1994. Thus, in the present case, pursuant to General Statutes § 52-212a and Practice Book § 326, the four-month period commenced on December 11, 1993, the day following the date that judgment was rendered, and ended on April 10, 1994. At the hearing, the court took judicial notice that April 10, 1994 was a Sunday, and that pursuant to General Statutes § 51-347c and Practice Book § 405,[1] the plaintiff had until Monday, April 11, 1994 to file his motion to open.
The plaintiff argues that he sent his motion to open to the clerk's office (and to the defendants' attorneys) via Federal Express "priority overnight" delivery service on Friday, April 8, 1994 (see plaintiff's exhibit 1), and that it should have arrived in the clerk's office on Monday April 11, 1994. The court notes that the file reflects that the plaintiff's motion to open (#110) was filed with the clerk's office on April 18, 1994.
Also in dispute is the date that the clerk's office received the $60.00 filing fee which must be paid when the plaintiff files a motion to open a judgment. At the hearing, the plaintiff's attorney testified that when he sent the motion to open the judgment to the clerk's office on April 8, 1994, the clerk's office did not receive the $60.00 filing fee. The plaintiff's attorney testified that on April 13, 1994, the motion to open was returned to him by the clerk's office because of the absence of the filing fee. The plaintiff's attorney CT Page 7906 further testified that on April 15, 1994, he sent a check in the amount of $60.00 to the clerk's office. The court notes that according to the receipt contained in the file, the $60.00 filing fee was received by the clerk's office on April 20, 1994.
"It is clear from the language of [General Statutes § 52-259c] that payment of [the filing fee] is mandatory upon the filing of a motion to open." Van Mecklenburg v. Pan AmericanWorld Airways, Inc., 196 Conn. 517, 519, 494 A.2d 549 (1985). "It therefore follows that an otherwise properly filed motion to open will not be accepted by the court unless accompanied by the filing fee." Id. Even if this court gave the plaintiff the benefit of the doubt and held that the plaintiff's motion to open was received by the clerk's office on April 11, 1994, the plaintiff's motion to open would not have been properly filed with the clerk's office until April 20, 1994, the date that the clerk's office received the requisite filing fee.
Therefore, the plaintiff's motion to open is untimely, as both the motion and the filing fee should have been filed with the clerk's office no later than April 11, 1994. The plaintiff's motion to open the judgment of dismissal is denied.
BALLEN, J.