[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Facts
The procedural history of this litigation has been extensive and prolonged. The plaintiff, Susan LeVasseur, originally commenced an action by complaint dated June 13, 1989 to recover damages for personal injuries sustained when she was involved in an automobile accident in November, 1988 with the defendant, Tammy Martin. This action was dismissed by the court on December 7, 1990 pursuant to Practice Book § 251 for failure to prosecute with reasonable diligence. Thereafter, upon motion of the plaintiff, the court set aside the dismissal on February 1, 1991.
On June 28, 1991, the court again dismissed the plaintiff's action for failure to prosecute with reasonable diligence. The notice of dismissal informed the plaintiff that pursuant to Practice Book § 251, a motion to open the judgment of dismissal must be filed within four months of the date of dismissal. CT Page 8479
It was not until April 21, 1993, nearly two years after the second § 251 dismissal, that the plaintiff moved to have it reopened. On May 10, 1993, Judge Aronson granted the plaintiff's motion and reopened the June 28, 1991 dismissal. The defendants then filed a motion to dismiss on May 25, 1993 which was granted by Judge Aronson on September 2, 1993.
The current action is brought pursuant to General Statutes § 52-592, the accidental failure of suit statute. The plaintiff is attempting to recover from Tammy Martin and her husband, Robert, for the injuries sustained in the car accident which occurred nearly six years ago. The defendants now move to dismiss the first two counts of this complaint. The defendants submit that this court lacks subject matter jurisdiction to entertain the plaintiff's claim as it applies to them.[1]
 II. Discussion
General Statutes § 52-592 provides in relevant part that:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action had been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after reversal of the judgment. . . .
(Emphasis added.) General Statutes § 52-592.
The defendants argue that the present action is not saved by this accidental failure of suit statute because more than one year has elapsed since the determination of the original action. The defendants position is that the original action CT Page 8480 was "determined" on June 28, 1991, when the second dormancy dismissal was entered. The plaintiff, on the other hand, argues that the current action is timely because it was commenced within one year of September 2, 1993, the last date the original action was dismissed.
General Statutes § 52-212a controls the resolution of this matter. This statute provides, with certain exceptions not relevant here, that "a civil judgment or decree rendered in the superior court may not be open or set aside unless a motion to set aside is filed within four months following the date on which it was rendered or passed."
The plain language of this legislation indicates that the superior court does not have discretion to set aside a judgment on a motion filed after the four month period has elapsed. Our Supreme Court confirmed this in Van Mecklinburgv. Pan American World Airways, 196 Conn. 517, 518 (1985), wherein it stated that "[t]he trial court lacks jurisdiction to entertain a motion filed more than four months after a decision is rendered."
In the present case, the June 28, 1991 dismissal was reopened by motion dated April 21, 1993. However, because four months had elapsed from the June 28, 1991 dismissal, the court lacked jurisdiction to entertain this motion. The order reopening the earlier dismissal was, in essence, a nullity. Recognizing this, Judge Aronson granted the defendants' motion to dismiss on September 2, 1993, citing General Statutes § 52-212a.
In this court's view, the September 2, 1993 granting of the defendants' motion to dismiss, which the plaintiff claims is the critical date for purposes of determining when the original action was "determined", was nothing more than courthouse cleaning. Judge Aronson, cognizant that his earlier ruling was erroneous, granted the motion to dismiss to make it evident that this was not a pending case and to insure that it was cleared from the docket.
Accordingly, this court agrees with the defendants that the date the original action was determined was June 28, 1991, when the second dormancy dismissal was entered. At that point, the plaintiff had a period of four months to file a motion to set aside the dismissal. The plaintiff also could have utilized § 52-592, the accidental failure of suit statute, and CT Page 8481 commenced a new action up until June 28, 1992. However, the plaintiff failed to take advantage of either of these procedural mechanisms. This court will not permit the plaintiff to profit from an erroneous decision of the trial court that did not prejudice her in any manner[2]. Nor will it require the defendants to endure interminable litigation in a matter which should have been resolved years ago. Accordingly, the defendants' motion to dismiss is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT