[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a collection action in which the plaintiff alleges the corporate defendant's breach of a contract to pay for goods and services (count I) and the fraudulent transfer of the corporate defendant's assets to the individual defendant, George Discala ("Discala") (count II).
On December 23, 1994, Discala filed a motion to open the judgment in this matter which the court had rendered after a hearing in damages on October 20, 1993. Discala, who did not appear until after the court rendered judgment, claims he never received notice of default, that a hearing in damages had been scheduled, or that the court had rendered judgment against him. According to Discala, the only notice he received that this action was pending was a notice of judgment lien dated November 22, 1994.[1]
The plaintiff objected to Discala's motion to open on the grounds that it was not filed within four months of the date of judgment as required by General Statutes § 52-212 and Practice Book § 377.
Ordinarily, the Superior Court "lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." (Citations omitted.) VanMecklenburg v. PanAmerican World Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549
(1988). Where a party fails to receive official notice of a judgment, however, the four month time period commences upon receipt of actual notice. Noethe v. Noethe, 18 Conn. App. 589,595-596, 559 A.2d 1149 (1989). There is no evidence that Discala received official notice of the judgment in this matter. The court file indicates that official notice of the judgment was a computer generated notice ("JDNO") which, due to the nature of the computer system, goes only to appearing parties; Discala did CT Page 4227 not appear until after the court rendered judgment. The court file includes no entry on the docket or other record that notice of entry of a default was mailed to Discala at his last known address as required by Practice Book § 369. Further, the plaintiff has presented no evidence that the clerk did notify Discala pursuant to section 369. Thus, the question becomes when did Discala receive actual notice of the judgment.[2]
Discala admits that he had actual notice of the judgment in this matter as of November 22, 1994. At oral argument, plaintiff did not argue and did not present any evidence that Discala received actual notice any earlier. Although the court file includes a letter from plaintiff's counsel to Discala dated February 24, 1994 notifying Discala of the judgment, plaintiff presented no evidence that Discala actually received this letter. The letter does not indicate that it was sent certified -return receipt requested, nor did the plaintiff produce a "green card," i.e., receipt signed by Discala. Further, defendants' attorney represented that by the time this action was commenced, Discala had ceased occupying or using the business address to which this letter was sent, 25 Commerce Street, Norwalk, Connecticut, and was using only his home address on French Farm Road in Norwalk. The sheriff's return indicates that both Discala, individually and the corporate defendant, were served at Discala's French Farm Road address. The court therefore finds that Discala had actual notice of the judgment in this matter as of November 22, 1994 and not sooner. Under Noethe v. Noethe, supra, 18 Conn. App. 595-596, Discala's motion to open was timely filed within four months of this date, on December 23, 1994.
The court further finds, pursuant to Practice Book § 377, that reasonable cause exists for opening the judgment. Discala's lack of notice prevented him both from appearing at the hearing in damages and timely moving to open the judgment rendered against him. Further, said hearing should never have taken place because this action was erroneously claimed to the hearing in damages trial list. Only actions in which either the pleadings are closed or a default has entered shall be placed on the trial list. Practice Book §§ 253, 258. Review of the court file establishes that, in the present action, the pleadings were never closed, nor was the defendant defaulted. Discala did not plead or otherwise respond to the complaint; he did not file an appearance until December 23, 1994, after the court rendered judgment. Despite this fact, Discala was never defaulted for failure to appear. Although the plaintiff filed a motion for default and CT Page 4228 judgment pursuant to Practice Book § 355, the clerk deemed the plaintiff's motion insufficient and so notified plaintiff's counsel on September 1, 1993. The court file includes no record or other evidence that the court ever granted or otherwise acted on plaintiff's motion. Nor does the file include any record that the plaintiff made any other attempt to default Discala. The plaintiff has presented no evidence to the contrary.[3] This action, therefore, should not have been on the hearing in damages trial list and, consequently, should not have gone to judgment.
Accordingly, the defendant's motion to open the judgment in this matter is GRANTED;
So Ordered.
D'ANDREA, J.