The jury found liability on the part of the defendant for his violation of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff seeks restitution, rather than "benefit of the bargain" damages. The court's have recognized that a successful CUTPA litigant may be awarded restitution. Hinchliffe v. AmericanMotors Corp., 184 Conn. 607, 618, 440 A.2d 810 (1981). BaileyEmployment Systems, Inc. v. Hahn, 545 F. Sup. 69, 73 (D.Conn. 1982). The defendant, however, relies heavily on the holding ofAurigemma v. Arco Petroleum Products, Co., 734 F. Sup. 1025
(D. Conn. 1990) in which the court declined to award restitution "without any consideration of the value of the services and other tangibles plaintiffs received from Arco during the term of their franchise" Id., 734 F. Supp. at 1034.
The Aurigemma court had a difficult case to unravel. The franchisee clearly received numerous goods and services from Arco — i.e. benefits from the defendant. These had to be offset against any claims made by the plaintiff. The court did not deny that restitution could be a proper remedy, it merely refused to apply it to the circumstances of that case. In our case it is easier to unravel — the plaintiff returned to the defendant the only benefit he had received — the car wash — initially offering it back some five months after the closing and then returning it to the defendant some 18 months after the closing. The plaintiffs retained no benefits from the transaction and returned the car wash in as nearly as possible to the condition that existed before the transaction was entered into. The plaintiffs, in turn, ask return of the $453,000 in cash that they paid at the closing to purchase the car wash plus the $30,000 loan they obtained using their New Jersey home as security, because of cash flow problems caused by the car wash purchase. In addition, the defendant never pled a CT Page 1287-Z right to an offset and furthermore never offered any evidence of an offset.
The court finds, under the circumstances of this case, that restitution is a proper remedy of damages consistent with the jury's finding of a CUTPA violation and enters judgment on that count in the amount of $483,000.
Upon reviewing the evidence, the court does not find that an award of punitive damages is appropriate and declines to make an award based on that claim for relief. It might be worthy to note, at this juncture, that the jury declined to award interest on this count.
The plaintiff is entitled to an award of attorney's fees. The court awards $80,000.00 attorneys fees which includes disbursements incurred in this litigation.
Rescission is also a remedy that is available for violation of CUTPA. The plaintiff seeks this remedy to rescind a stipulation which was incorporated in an entry of judgment in favor of the defendant and against the plaintiff. A stipulated judgment may be set aside under limited circumstances after the four month limitation period set out in Connecticut Practice Book § 326 and Connecticut General Statutes § 42-212a. A stipulated judgment "may be defined as a contact of the parties acknowledged in open court"Gillis v. Gillis, 214 Conn. 336, 339, 572 A.2d 323 (1990). Because of the contractual nature of a stipulated judgment, it may be reopened after the four month limitation period if the defendant can show that "the judgment was obtained by fraud, duress, accident or mistake" Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466,440 A.2d 159 91981) [(1981)]. The jury declined to find fraud, as does this court. In addition, the court finds no duress, accident or mistake. No authority was offered to the court that a CUTPA violation in itself automatically entitles one to escape the four month limitation of the Practice Book, and the Connecticut General Statutes § 52-212a, especially, where, as here, this court concludes that the plaintiff had ample opportunity to petition the court to reopen the judgement within the four month period. Under the circumstances of this case, the request to rescind the stipulated judgment based on a CUTPA violation is denied.
Judgment will enter in accordance with the above.
LAWRENCE L. HAUSER, JUDGE CT Page 1287-AA