[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two groups of defendants have filed separate motions asking the court to dismiss the plaintiff's complaint.
The plaintiff, Robert Brian Crim, appearing pro se, has filed this appeal from a decision by the Commission on Human Rights and Opportunities (CHRO). The CHRO rejected the plaintiff's complaint of discrimination in which he had alleged that Yale University and Carolyn Hendel, Frances Holloway, Marsha Langner, Elizabeth Anderson and John Sequino had retaliated against him in violation of General Statutes § 46a-60 (a)(4) and (5). The CHRO dismissed the complaint on March 9, 1999, and the plaintiff filed a timely request for reconsideration. On CT Page 7732 August 30, 1999, the CHRO mailed the plaintiff a letter notifying him that the commission had rejected his request for reconsideration. On October 14, 1999, the plaintiff filed an application for a waiver of the fee for filing an administrative appeal with the Superior Court. The court granted the fee waiver application on October 18, 1999. The clerk's office file-stamped the plaintiff's complaint in this action on October 25, 1999.
The plaintiff's complaint contains four counts, in count one, the plaintiff appeals the CHRO's decision to reject his request for reconsideration; in count two, the plaintiff asserts causes of action against the CHRO, Susan K. Hom, assistant counsel for the CHRO, and Cynthia Watts-Elder, CHRO's executive director, for wilful dereliction of duty; in count three, the plaintiff asserts causes of action against Hom, Watts-Elder, the CHRO and the State of Connecticut for violation of his right to due process under the fourteenth amendment of the United States Constitution; in count four the plaintiff asserts causes of action against Hom and Watts-Elder for defamation. Defendants CHRO, Hom and Watts-Elder filed their initial appearance on November 18, 1999. Hendel, Holloway, Langner, Anderson and Sequino filed appearances as defendants on November 4, 1999.
On December 17, 1999, the CHRO filed a motion to dismiss the plaintiff's complaint on the grounds that (1) the court lacks subject matter jurisdiction over count one because the plaintiff's administrative appeal was not timely filed, and (2) the court lacks personal jurisdiction over the defendants in counts two, three and four because the plaintiff did not properly serve the complaint. On December 23, 1999, defendants Hendel, Holloway, Langner, Anderson and Sequino filed a motion to dismiss the plaintiff's complaint, incorporating by reference the CHRO's motion to dismiss and memorandum in support thereof. The plaintiff did not file a written objection to the motions, but did appear at the hearing thereon. At the hearing, the plaintiff argued that his complaint was timely filed and properly served, that to the extent that service was defective, the defendants failed to demonstrate that they were prejudiced thereby and that Hendel, Holloway, Langner, Anderson and Sequino's motion to dismiss was untimely filed.
 I
To the extent that the motion to dismiss filed by Hendel, Holloway, Langner, Anderson and Sequino contests the court's personal jurisdiction over them, the motion is not timely. "It is fundamental that jurisdiction over a person can be obtained by waiver." Pitchell V. Hartford,247 Conn. 422, 428, 722 A.2d 797 (1999). Pursuant to Practice Book §10-30, a party contesting the personal jurisdiction of the court may do CT Page 7733 so in a motion to dismiss, but the motion must be filed within thirty days after the party files its appearance. Pitchell v. Hartford, supra,247 Conn. 432-33. "The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6 . . . .Thus, thirty-one days after the filing of an appearance . . . a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Emphasis in original.) Id., 433. Here, Hendel, Holloway, Langner, Anderson and Sequino filed their appearance on November 4, 1999, but did not file their motion to dismiss until December 23, 1999.
 II
To the extent that Hendel, Holloway, Langner, Anderson and Sequino are contesting the court's subject matter jurisdiction over count one, their motion is timely. "Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4-5,675 A.2d 845 (1996). Because these defendants simply incorporated the CHRO's arguments by reference and did not assert any additional grounds for their motion to dismiss, the court's ruling of the CHRO's motion to dismiss count one will also apply to their motion.
The CHRO contends that the court does not have subject matter jurisdiction over count one because the plaintiff did not file his appeal within forty-five days of the date the commission mailed notice of its decision rejecting his request for reconsideration. In opposition, the plaintiff argues that his appeal was timely because he submitted it to the court when he applied for a waiver of fees and that it remained there while the fee waiver application was pending. He claims that the court clerk waited to file-stamp his appeal until after the judge acted on the application.
General Statutes § 46a-94a provides, in pertinent part: "The Commission on Human Rights and Opportunities, any respondent or any complainant aggrieved by a . . . rejection of reconsideration of any dismissal as provided in subsection (e) of . . . section 46a-83, may appeal therefrom in accordance with section 4-183 [of the Uniform Administrative Procedure Act (UAPA)]."[1] General Statutes § 4-183
(c) provides that: "Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file CT Page 7734 the appeal with the clerk of the superior court . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other that the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil matters." General Statutes § 4-183 (m) provides that "[i]n any case in which a person claims he cannot pay the costs of appeal . . . he shall, within the time provided for filing the appeal, file with the clerk of the court to which the appeal is to be taken, an application for wavier of payment of such fees . . . The filing of the applicationfor the wavier shall toll the time limits for the filing of an appealuntil such time as a judgment on such application is rendered." (Emphasis added.)
Here, the plaintiff had forty-five days from August 30, 1999, or until October 14, 1999, to file his appeal. The plaintiff waited until October 14, 1999 to apply for a fee wavier. The court granted the fee wavier on October 18, 1999. Pursuant to General Statutes § 4-183 (in), the appeal period was tolled from October 14 to October 18, 1999, while the application was pending. No explanation has been proffered as to why the appeal was not file-stamped until October 25, 1999. Although the CHRO acknowledges that the plaintiff applied for a wavier of fees, and that the appeal period was thus tolled, the commission argues that the time limit began to run again immediately on October 18, 1999, and expired that same day. The CHRO contends that because the appeal was file-stamped with the date of October 25, 1999, it was not timely filed.
The Connecticut Supreme Court has consistently held that the right to appeal from a decision of an administrative agency is a statutory right and "may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986). Accordingly, "[the Supreme Court] has regularly held that noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal." McQuillan v. Dept. of Liquor Control, 216 Conn. 667,670, 583 A.2d 633 (1990). Moreover, the Supreme Court has specifically ruled that a party's failure to file and serve an administrative appeal governed by the UAPA within forty-five days as required by § 4-183
(c) deprives the trial court of subject matter jurisdiction over the CT Page 7735 appeal. Glastonbury Volunteer Ambulance Assn., Inc. v. Freedom ofInformation Commission, 227 Conn. 848, 852, 633 A.2d 305 (1993). On the other hand, and again in the context of an administrative appeal, the Supreme Court has also concluded that "[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Ann Howard's Apricots Restaurant, Inc. v. Commission on HumanRights Opportunities, 237 Conn. 209, 221, 676 A.2d 844 (1996).
Thus, the court has jurisdiction over the plaintiff's appeal only if it was filed as of October 18, 1999. In cases in which a filing fee is required, the Appellate Court has ruled that an administrative appeal is not "filed" until the date it arrives in the civil clerk's office accompanied by the required filing fee. Taylor v. State Board ofMediation Arbitration, 54 Conn. App. 550, 555, 736 A.2d 175 (1999), cert. denied, 252 Conn. 925, 747 A.2d 1 (2000). If a plaintiff sends an appeal to the clerk's office without the correct filing fee, the appeal is not considered "filed." Id; see Van Mecklenburg v. Pan American WorldAirways, 196 Conn. 517, 494 A.2d 549 (1985). If the plaintiff later submits the correct filing fee, the appeal is "filed" as of that date. Cf. Van Mecklenburg v. Pan American World Airways, supra; Gineo v.American Medical Response, Superior Court, judicial district of New Britain, Docket No. 498118 (January 20, 1999) (23 Conn.L.Rptr. 612, 613). However, if a plaintiff sends an appeal and the required fee in a timely fashion and the clerk's office mistakenly returns the fee to the plaintiff, thus causing the appeal to be file-stamped with a date that is beyond the appeal period, in at least one case, the Superior Court determined that the appeal was filed as of date it was initially received. The court explained that on that date, "the plaintiff satisfied all legal requirements for filing her appeal . . . and . . . the necessary papers and fee were in the hands of the clerk of the court."Wight v. Commissioner of Social Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536553 (April 25, 1995, Maloney, J.).
It follows that if a fee waiver is granted, an administrative appeal is "filed" as of the date the plaintiff has satisfied all other pre-filing requirements. For example, in Lucarelli v. Freedom of InformationCommission, Superior Court, judicial district of Middlesex at Middletown, Docket No. 68988 (January 27, 1995, Maloney, J.), the plaintiff's fee waiver was granted and the court held that the administrative appeal was "filed" two days later, on the date the assistant clerk signed the summons. Evidence showing that the plaintiff then took all the documents out of the clerk's office to arrange for service on the defendants and that the clerk's office did not file-stamp the appeal until it was returned by the sheriff approximately fourteen CT Page 7736 days later, did not alter the court's conclusion. The court reasoned that "when the assistant clerk endorsed the summons form, the plaintiff had satisfied every requirement under the law for filing his appeal in the Superior Court at Middletown. . . . It is true that the plaintiff removed the papers from the court on that day, temporarily, for the purpose of letting the deputy sheriff make true copies to serve on the defendants. That fact does not, however, alter the status of the appeal as already established in the court." Id.
Here, it is not clear what additional action the CHRO contends that the plaintiff needed to take to "file" his complaint. From the in-court presentation of these motions, it appears that the plaintiff submitted the appeal with his application for a fee waiver on October 14, 1999, and that the clerk's office waited to file-stamp the appeal until the court acted on the fee waiver. It is not clear from the record why the clerk's office did not file-stamp the complaint until October 25, 1999, six days after the fee waiver was granted. Nonetheless, even where a statutory right of appeal contains strict time limits, that right cannot be defeated by such an act or omission of a court clerk. Kron v. Thelen,178 Conn. 189, 197, 423 A.2d 857 (1979); see Plasil v. Tableman,223 Conn. 68, 76-77, 612 A.2d 763 (1992); Trap Falls Realty HoldingLimited Partnership v. Board of Tax Review, 29 Conn. App. 97, 104,612 A.2d 814, cert. denied, 224 Conn. 911, 617 A.2d 170 (1992);Cholewinski v. Conway, 14 Conn. App. 236, 242, 540 A.2d 391 (1988); Statev. Lytwyn, 27 Conn. Sup. 78, 80-81, 230 A.2d 40 (1967).
The plaintiff has attached an affidavit to the complaint in which he attests that on October 14, 1999, he served copies of the complaint on the defendants by certified mail, return receipt requested. This method of service is appropriate pursuant to General Statutes § 4-183 (c) (1).[2] As of October 18, 1999, the plaintiff had not filed a summons, a citation, an affidavit attesting to service or a sheriff's return of service. However, if a plaintiff elects to make service by certified mail, as provided for in § 4-183 (c)(1), a summons and citation and sheriff's return are not required. See Tolly v. Dept. of HumanResources, 225 Conn. 13, 19-21, 621 A.2d 719 (1993). Furthermore, whether a plaintiff elects to make service by certified mail, or by the method provided for in § 4-183 (c)(2), proof of service does not have to be filed with the complaint, but, pursuant to § 4-183 (d) must be filed "not later than fifteen days after filing the appeal . . . "[3] Thus, as of October 18, 1999, the plaintiff had satisfied all the requirements for filing an administrative appeal. The appeal was timely filed on that date and the court has subject matter jurisdiction.
 III
CT Page 7737
The CHRO contends that counts two, three and four are civil actions that are not properly part of this administrative appeal. The CHRO claims that the court lacks both subject matter and personal jurisdiction over these claims because the plaintiff did not comply with the requirements for service of a civil action. That is, although the plaintiff complied with the requirements for service of an administrative appeal, CHRO asserts that pursuant to General Statutes § 52-57 (a), the plaintiff was required to serve the defendants in hand or at their usual place of abode.[4] Before deciding whether service was proper, however, the court would first be required to determine the underlying question of whether the causes of action in counts two, three and four can properly be brought as part of the plaintiff's administrative appeal.[5] Neither party directly addresses the question.
A motion to strike is the proper vehicle for contesting "the joining of two or more causes of action which cannot properly be united in one complaint." Practice Book § 10-39(4). "Although [a]dministrative appeals are not subject to the pretrial rules, Practice Book § 257 (e) [now (1998 Rev.) § 14-7 (e)], in certain circumstances a motion to strike in an administrative appeal may be appropriate. . . . [A] claim that an administrative appeal has been misjoined with another cause of action is also a proper situation in which to utilize a pretrial motion to strike." Dan Beard, Inc. v. Planning Zoning Commission, Superior Court, judicial district of Ansonia-Milford, Docket No. 38750 (July 16, 1992, McGrath, J.) (7 C.S.C.R. 1062, 1063); see also New Covenant Churchv. Bristol, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533698 (May 9, 1994, Sullivan, J.) (motion to strike, not motion to dismiss, is appropriate motion to address misjoinder).
Although there are circumstances in which a court may treat a motion to dismiss as a motion to strike; Commissioner v. Lake Phipps Land OwnersCorp., 3 Conn. App. 100, 102, 102 n. 2, 485 A.2d 580 (1985); Brosnan v.Sacred Heart University, Superior Court, judicial district of Fairfield, No 333554 (October 20, 1997) (20 Conn.L.Rptr. 509): Winn ManagementCo. v. Firment, Superior Court, Judicial District of New Haven, Housing Session, No. CVNH 9706-51132 (Oct. 16, 1997); Williamson v. Adante, Superior Court, Judicial District of Stamford-Norwalk, No. LPL-CV-97-0160280S (Nov. 12, 1998); Pfadt v. Greater BridgeportCommission on Mental Health, Superior Court, Judicial District of Fairfield, No. 326263 (Feb. 26, 1996) (and cases cited therein); I am not convinced that doing so here would serve the ends of justice because the parties have not adequately briefed whether the causes of action in counts two, three and four may properly be brought in this administrative appeal. CT Page 7738
The motions to dismiss are denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court