PUMP SERVICES CORPORATION *v.* ALLEN B.
ROBERTS ET AL.
(7325)

BORDEN, SPALLONE and DALY, Js.

Argued May 5—decision released July 25, 1989

*Allen B. Roberts,* pro se, the appellant (named defendant).

*Robert G. Oliver,* with whom, on the brief, was *Carolyn P. Gould,* for the appellee (plaintiff).

DALY, J. In this action seeking foreclosure of a mechanic's lien in the first count and damages for unjust enrichment in the second count, the defendant[1]

---

[1] The plaintiff commenced this action against the named defendant, who owned the property where the plaintiff performed work, and against Thomas

appeals from the judgment rendered in favor of the plaintiff. The defendant claims that the trial court erred in granting the plaintiff's motion to open a judgment of dismissal rendered pursuant to Practice Book § 251.[2] The defendant does not challenge on appeal the judgment rendered on the merits. We find no error.

The following facts are relevant to the disposition of this appeal. The plaintiff commenced this action by way of a two count complaint returnable November 20, 1984. The first count sought foreclosure of a mechanic's lien placed upon real estate owned by the defendant, arising from labor and materials furnished by the plaintiff for the well water system on the property. The second count, based upon unjust enrichment, sought damages in the amount of the reasonable value of the work performed.

On July 20, 1986, the trial court, *Jacobson, J.,* dismissed the action for failure to prosecute with due diligence pursuant to Practice Book § 251. The plaintiff filed a motion to open the judgment of dismissal and a supporting affidavit on October 9, 1986. The affidavit indicated that the plaintiff's attorney was attempting to obtain military service affidavits for the two codefendants, Patricia and Thomas Boyham. The trial court granted the motion on November 3, 1986, and ordered the plaintiff to close the pleadings as to Roberts within thirty days and as to the Boyhams within ninety days, in order to allow sufficient time to obtain the mili-

and Patricia Boyham, the tenants of the named defendant who resided on his property. The action was later withdrawn as to the Boyhams. The term "defendant" as used in this opinion refers only to Roberts.

[2] Practice Book § 251 provides in pertinent part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests."

tary affidavits. The plaintiff closed the pleadings as to Roberts by filing a reply denying his special defenses on November 20, 1986. The plaintiff withdrew the claims against the Boyhams because of its inability to obtain the military service affidavits.

The action was thereafter tried before the court, *Hon. Milton J. Belinkie,* state trial referee, who rendered judgment in favor of the defendant on the first count and in favor of the plaintiff on the second count. This appeal ensued.

The defendant's sole claim on appeal is that the trial court erred in granting the plaintiff's motion to open the judgment of dismissal.

" 'Courts have an inherent power to open, correct and modify judgments.' " *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 710, 462 A.2d 1037 (1983). A civil judgment may be opened if a motion to open or set aside is filed within four months of the issuance of judgment. Practice Book § 326; General Statutes § 52-212a. Such a motion is addressed to the trial court's discretion, and its action will not be disturbed on appeal unless it is shown that the court acted unreasonably and in clear abuse of its discretion. *Acheson* v. *White,* 195 Conn. 211, 215–16, 487 A.2d 197 (1985). "In determining whether the trial court abused its discretion, [the reviewing] court must make every reasonable presumption in favor of its action." Id., 215; *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* supra, 711.

The trial court concluded that there was evidence of reasonable cause to set aside the dismissal based upon the plaintiff's efforts to obtain military affidavits for the Boyhams. Moreover, the record indicates that the motion to open was filed within four months of the judgment of dismissal. Our review indicates that the trial court's decision is fully supported by the record and was not an abuse of discretion.

The defendant's claim that the affidavit supporting the plaintiff's motion to open failed to comply with the requirements set forth in Practice Book § 377 misses the mark. A review of our Practice Book and case law indicates that the proper way to open a § 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book § 326. See, e.g., *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 518, 494 A.2d 549 (1985); *Acheson* v. *White*, supra; *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, supra; 1 W. Moller & W. Horton, Connecticut Practice Book Annotated (3d Ed.), commentary to § 251 (p. 441). Practice Book § 377 is the vehicle by which to open a judgment rendered upon a default or a nonsuit, and not a judgment of dismissal pursuant to § 251.

There is no error.

In this opinion the other judges concurred.