[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a negligence action brought pursuant to the accidental failure of suit statute, General Statute 52-592. The defendant has filed a motion for summary judgment on the ground that the plaintiff fails to state a legally sufficient cause of action pursuant to the accidental failure of suit statute.
The facts are not in dispute. On October 30, 1989, the plaintiffs initiated the original action, which was subsequently dismissed on June 20, 1991, pursuant to Practice Book 251 for failure to prosecute with reasonable diligence. On November 6, 1991, the plaintiffs filed a motion to reopen and set aside the judgment of dismissal, which was denied on November 29, 1991. The plaintiffs then filed the present action pursuant to the accidental failure of suit statute.
The defendant claims that it is entitled to judgment as a matter of law because 52-592 is not meant to save an action dismissed pursuant to Practice Book 251 where the plaintiff failed to seek to reopen the judgment dismissal within the statutorily prescribed four months period. The plaintiffs claim that 52-592 does, in fact, save their action.
A motion for summary judgment shall be granted if the moving party proves that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488 (1971). As the movant has the burden of proof, "the facts presented must be viewed in the light most favorable to the party opposing the motion." Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985).
Section 52-592 reads in relevant part:
 (a) If an action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of CT Page 8179 jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . .
Section 52-592 is a remedial statute "and thus, should be broadly and liberally construed." Lacasse v. Burns, 214 Conn. 464, 470 (1990).
Practice Book 251 provides in relevant part:
 If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, . . . render a judgment dismissing the action with costs.
A party against whom judgment of dismissal was entered pursuant to 251 may move to have the judgment set aside "within four months succeeding the date on which it was rendered or passed." Practice Book 326.
Dismissal pursuant; to 251 may constitute failure as a "matter of form" for the purpose of 52-592, and 52-592
is available to plaintiffs who have "suffered a dismissal, pursuant to 251, for lack of reasonable diligence in the prosecution of their actions." Id. at 473.
However, "a plaintiff's ability to rely on 52-592
is limited to those cases where the 251 dismissal is rendered after the case failed because of accident or simple, negligence." Skibeck v. Avon, 24 Conn. App. 239, 1242-43
(1991). In Skibeck, the Connecticut Supreme Court affirmed the trial court's decision which held that the egregious conduct of the plaintiff's case was never intended to be saved by the provisions of 52-592. Id. at 243. The "egregious conduct" complained of in Skibeck consisted of three dismissals over an eight, year period: one for failure to appear at trial and two pursuant to Practice Book 251.
The defendant contends that the plaintiff's failure to move to reopen the judgment of dismissal within the four-months period constitutes "egregious conduct" which removes the remedial benefits of 52-592. However, the plaintiffs' failure to move to reopen the judgment of dismissal within the four months period, standing alone, does CT Page 8180 not amount to the "egregious conduct" contemplated by the court in Skibeck. See Marrero v. Santos, Superior Court, Judicial District Hartford-New Britain at Hartford, Docket No. 387938 (June 26, 1991, Wagner, J.).
Therefore, the defendant's motion for summary judgment is denied.
HENDEL, J.