[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3240
This case involves a motion dated March 11, 1993 (#125) by the plaintiff, Margaret Dixon,[1] requesting that the court open a judgment of dismissal entered on December 11, 1992, pursuant to Practice Book 251.[2] The issue is whether plaintiff's motion is sufficient to warrant the opening of said dismissal.
"Courts have an inherent power to open, correct and modify judgments." (Citation omitted.) Pump Services Corp. v. Roberts,19 Conn. App. 213, 215, 561 A.2d 464 (1989). "A review of our Practice Book and case law indicates that the proper way to open a 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book 326." (citations omitted.) Id., 216. "Practice Book 377 is the vehicle by which to open a judgment rendered upon a default or a nonsuit, and not a judgment of dismissal pursuant to 251." Id; see also Parker v. Walls Temple,7 CSCR 1104 (August 28, 1992, Hendel, J.). But see Grunschlag v. Ethel Walker School, 190 Conn. 679, 685, 462 A.2d 1 (1983), where the supreme court found no error in the trial court's conclusion that there was no reasonable cause to open a 251 dismissal. The trial court applied 377 to the motion to open the 251 dismissal. ("Relief . . . should be granted if, but only if, the court, in its sound discretion, finds that the moving party has shown reasonable cause.") (Internal quotation marks omitted).
Section 326 provides that "any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed." In contrast, 377 provides that "[a]ny judgment or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed. . . ." In addition, 377 requires, among other things, that the moving party "show reasonable cause or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment on the passage of such decree, and that the . . . [moving party] was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."
It is readily apparent that plaintiff's motion does not satisfy the requirements of Practice Book 377. However, Practice Book 326 is applicable in the case at bar. "The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original CT Page 3241 judgment, Practice Book 326 vests discretion in the trial court to determine whether there is a good and compelling reason for . . . [the original judgment's] modification or vacation." Hirtle v. Hirtle,217 Conn. 394, 398, 586 A.2d 578 (1991).
Opening a judgment "is not to be granted readily, nor without strong reasons." (citations omitted.) Breen v. Breen, 18 Conn. App. 166,172, 557 A.2d 140 (1989). Although Practice Book 326, unlike 377, does not contain a precise list of what the moving party must show in order to prevail, a party wishing to open judgment under 326 must nevertheless demonstrate that there is a "good and compelling reason" for the court to grant the motion. Hirtle v. Hirtle, supra, 398.
Plaintiff's motion states only that "[t]he plaintiff moves that the judgment of dismissal entered on December 11, 1992 be opened." since no reasonable cause has been presented, the court cannot competently exercise its discretion in favor of the movant. Therefore, the motion to open judgment of dismissal (#125) is denied.
So Ordered.
Dated at Stamford, Connecticut this 6th day of April, 1993.
WILLIAM B. LEWIS, JUDGE