[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about May 28, 1991, the plaintiffs brought an action against the defendant, Home Depot, Inc., in the Superior Court at New Haven. That action was numbered CV 91 315998. A non-suit was entered on or about September 23, 1991 for failure to comply with the defendant's request for interrogatories and production. Thereafter, the complaint was dismissed for lack of diligence pursuant to Section 251 of the Practice Book.
No motion to reopen the judgment of dismissal was filed within the four months allowed by Section 326 of the Practice Book.
The present action was brought by the plaintiffs on September 8, 1992 pursuant to Section 52-592, General Statutes, the "Accidental Failure of Suit" statute. The defendant moved to dismiss this action as being barred by the statute of limitations, claiming that the plaintiffs' case does not fall within the provisions of52-592.
The defendant's claim is based first upon the plaintiffs' failure to file a motion to reopen the judgment of dismissal within the four month period; and second, having brought the present action more than two years after the date of loss (June 6, 1990), the claim is barred by the statute of limitations. Implicit in the first argument is the assumption that plaintiffs' failure to file a motion to reopen the judgment of dismissal constitutes a waiver of the right to file a new action under 52-592. Section 52-592(a) provides that:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed . . . for any matter of form. . . the plaintiff. . . may commence a new action. . . for the same cause at any time within one year after the determination of the original action.
"52-592 is remedial in nature and should be broadly and liberally construed." Lacasse v. Burns, 214 Conn. 464, 470 (1990). "In the context of 52-592(a), `original action' is used to refer to the first action filed by the plaintiff within the period of the CT Page 6328-B applicable statute of limitations." Pintavalle v. Valkanos,216 Conn. 412, 417 (1990). "[D]ismissals pursuant to [Practice Book] 251 constitute failures for a[ny] `matter of form,' as that term is used in52-592." Lacasse v. Burns, supra, 472. Cf. Walworth v. Hartford Hospital, 23 Conn. App. 404, 409, (1990), quoting Lacasse v. Burns, supra, 473.
"`[W]here we have. . . stated that the `any matter of form' portion of 52-592 would not be applicable to a subsequent action. . . we. . . concluded that the failure of the case to be tried on its merits had not resulted from accident or even simple negligence.'" (Emphasis added.) "52-592 is available to plaintiffs who have suffered a dismissal, pursuant to 251, for lack or reasonable diligence in the prosecution of their actions." Lacasse v. Burns, supra, 474. See also: Skibeck v. Avon, 24 Conn. App. 239, 242-43 (1991). ("A plaintiffs ability to rely on 52-592 is limited to those cases where the 251 dismissal is rendered after the case failed because of accident or simple negligence."); Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 34 n. 6, (1984). ("The plaintiff is not without remedy and, inter alia, may commence a new action pursuant to General Statutes 52-592. . . .")
"Section 52-592 does not authorize the reinitiation of all actions not `tried on [their] merits,' only those that have failed for `any matter of form.'" Hughes v. Bemer, 206 Conn. 491, 494-95
(1988). In the present case the original action was dismissed pursuant to 251 on September 23, 1991. That dismissal constituted a failure `for any matter of form,' and the plaintiffs therefore cannot be precluded from bringing a subsequent action pursuant to52-592. Moreover, as was noted in Milgrim v. DeLuca,195 Conn. 191, 195 (1985):
 "It cannot be said that a disciplinary dismissal that does not preclude a litigant from commencing another action on the same claim is wholly ineffective as a sanction, since additional legal fees and expenses must be incurred in doing so and the new suit must normally await the disposition of earlier cases." Accordingly, the motion to dismiss is denied.