[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO REOPEN A JUDGMENT OF DISMISSAL
"[T]he proper way to open a Sec. 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book, Sec. 326." Pump Services Corporation v. Roberts,19 Conn. App. 213, 216, 561 A.2d 464 (1989). Section 326 provides, in part, that:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed.
"Within four months of the date of the original judgment, Practice Book, Sec. 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." (Emphasis added.) Hirtle v. Hirtle,217 Conn. 394, 398, 586 A.2d 578 (1991).
Defendants' reliance on Jaconski v. AMF, Inc., 208 Conn. 230,543 A.2d 728 (1988) is misplaced. The court in Jaconski upheld the trial court's denial of the plaintiff's motion to open pursuant to General Statutes, Sec. 52-212 and Practice Book, Sec. 377, as opposed to section 326, supra.
In the present case, the original complaint was dated July 15, 1992, and was filed on July 22, 1992. On September 28, 1992, the defendants filed a request to revise, and after objection, the court (Fuller, J.) entered an order on November 30, 1992 which only ordered a partial revision. The plaintiff did not revise to comport with the revision ruling. On December 10, 1993, the action was dismissed pursuant to the dormancy program, Practice Book, Sec. 251. On April 8, 1994, the plaintiff filed a motion to reopen and set aside the dismissal pursuant to Practice Book, Sec. 326 within four months of CT Page 5438 the judgment of dismissal.
Attached to the plaintiff's motion is the affidavit of her attorney, who stated that "[a]t the time of the dismissal, I was in the midst of revising the complaint, and, therefore, the pleadings had not been closed." (Affidavit of Thomas Chapman dated April 7, 1994, paragraph 5.) The court finds good and compelling reason to set aside the dismissal based upon the nature of the case and the representations of plaintiff's attorney as set forth in his affidavit, and plaintiff's motion is granted. A medical malpractice complaint alleging professional departures from the standard of care is not akin to the standardized and simple allegations of an automobile writ. A lawyer is required to file at the commencement of any such action a Certificate of Reasonable Inquiry, indicating a good faith belief of negligence in the treatment of the plaintiff. Although no new certificate need be filed, the attorney's good faith belief is continuing obligation with respect to any later amendments to the plaintiff's pleadings which allege negligence on the part of the physician. Where a complaint is ordered to be revised, and such a revision must be made only in accord with that good faith belief, it is not a simple task. It can involve consultations with experts before a revised pleading, which could constitute a judicial admission, is filed with the clerk. These considerations, coupled with the fact that the plaintiff's attorney was in the process of revision of the complaint at the time of dismissal, are good and compelling reasons.
Finally, as was once observed in dissent by Justice Shea, a man possessed not only of considerable intellect but also blessed with wide experience in the practice of law and as a trial judge, "our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw." Andrew AnsaldiCo. v. Planning Zoning Commission, 207 Conn. 67, 75-76. The court believes that a policy best serves justice, which permits matters to be heard upon the merits.
Motion to reopen granted.
Flynn, J. CT Page 5439