[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO REOPEN JUDGMENT OF DISMISSAL
By a two count complaint returnable to this court on December 24, 1991, plaintiff Turnkey Housing Incorporated of Preston seeks damages for the alleged legal malpractice of the defendant, attorney Bart A. Sayet.
On December 11, 1992, a judgement of dismissal was entered in the action for failure of the plaintiff to prosecute the action with reasonable diligence. On April 8, 1993, plaintiff moved to open the judgement of dismissal. While the motion to reopen was filed on April 8, 1993, the motion was not argued before the court until January 23, 1995.
In an attached affidavit dated March 31, 1993, counsel for the plaintiff, Attorney Gilbert Shasha, avers that he delayed prosecution of this case because the defendant expressed a willingness to meet and review the facts, but as of March 31, 1993, no such meeting had occurred. In another affidavit dated January 23, 1995, Attorney Shasha states that the matter regularly came up on short calendar on numerous occasions, but that it was usually marked off because its placement on the short calendar had the effect of reviving settlement discussions.
In opposition to the motion to reopen the judgement of dismissal, the defendant, through his counsel, argued that too much time has passed since the motion to reopen was filed and that the defendant would be prejudiced from going forward with this matter some three years after the case was filed. CT Page 559 Furthermore, defendant claims that despite the fact that settlement negotiations were had during this time frame, it is still the plaintiff's duty and burden, not the defendant's, to pursue the case.
A motion to set aside or open a judgement of a civil judgement is governed by Practice Book § 326. The motion must be filed within four months of the issuance of judgement. Id.;Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 170,462 A.2d 1037 (1983).
"While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." Steve Viglione Sheet Metal Co., supra, 190 Conn. 710-11, quoting McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164,167, 140 A. 114 (1927). Practice Book § 326 "does not contain a precise list of what the moving party must show in order to prevail, a party wishing to open judgement under § 326 must nevertheless demonstrate that there is a `good and compelling reason' for the court to grant the motion." Dixon v. Kane,8 Conn. L. Rptr. 574 (March 3, 1993, Lewis, J.) quoting Hirtle v.Hirtle, 217 Conn. 394, 398, 586 A.2d 578 (1991).
Where a case in dismissed pursuant to Practice Book § 251, failure to prosecute with due diligence, the appropriate way to open the judgement is by filing a motion to open pursuant to Practice Book § 326 not Practice Book § 377. Pump Services Corp.v. Roberts, 19 Conn. App. 213, 216, 561 A.2d 464 (1989).
"[A motion to open a judgement of dismissal] is addressed to the trial court's discretion, and its action will not be disturbed on appeal unless it is shown that the court acted unreasonably and in clear abuse of its discretion. In determining whether the trial court abused its discretion, [the reviewing] court must make every reasonable presumption in favor of its action." (Citations omitted.) Id.
As a technical matter, the court finds that plaintiff's motion to reopen the judgement of dismissal was filed within the four month time frame required by the Practice Book. Admittedly, the plaintiff was just four days short of the deadline, but as long as it was filed within four months, the motion is properly before the court. CT Page 560
The court has weighed the arguments presented during oral argument and reviewed the plaintiff's affidavits. While it is acknowledged by the court that this motion and this case has lingered on and off the court's docket for a substantial period of time, the court is reluctant to deny the motion when the alleged injuries and loss to the plaintiff are great, and he has demonstrated at least a plausible cause of action against the defendant attorney.
There can be no doubt that the plaintiff may have extended professional courtesies to the other side above and beyond his duty to do so.[1] The court, however, also believes plaintiff's counsel when he stated that he believed in good faith that delaying the prosecution of this case and this motion might help to force a settlement among the parties. Indeed, both sides admitted that serious negotiations did take place as this motion was placed on and then marked off the short calendar over the course of the last 2 years.
The court grants the motion to open the judgment of dismissal.
It is the court's sincere hope that the pleadings will be promptly closed and any motions made acted on without delay.
The court relies on counsels' promises to move the matter along expeditiously.
Austin, J.