[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Volvo Finance North America, Inc., has brought a complaint against the defendants, Tyme Office Products, Inc. and John M. Jones, seeking payment of a debt arising out of the terms of an automobile leasing agreement.
The defendants filed a motion to dismiss on the ground that this suit was initially dismissed pursuant to Practice Book § 251 for failure to prosecute, the plaintiff failed to file a motion to reopen the dismissal within four months, and General Statutes § 52-592, the Accidental Failure of Suit Statute, does not apply because of the plaintiff's lack of diligence. CT Page 8204
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."' (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993).
The defendants contend that in the prior action, which was dismissed pursuant to Practice Book § 251, the plaintiff failed to prosecute the action with reasonable diligence, and therefore § 52-592 does not apply. The plaintiff argues that the defendants' motion to dismiss was not filed within thirty days provided for under Practice Book § 142, that a motion to dismiss is not the proper motion to raise the applicability of § 52-592, and that § 52-592 does apply to a dismissal under Practice Book § 251.
"Preliminarily, it is important to note that as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by Section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense. . . . The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore [s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment. . . . This issue, however, has been decided on a motion to dismiss in a number of superior court cases." (Citations omitted; internal quotation marks omitted.) Young v. Mukon, 13 Conn. L. Rptr. 8, 9 (November 15, 1994) (Hennessey, J.); see also Biro v. Sidley andAustin, 12 Conn. L. Rptr. 130, 131 n. 1 (July 12, 1994) (Dean, J.);Colombo v. Imundi, Superior Court, judicial district of Danbury, Docket No. 308843 (April 16, 1993) (Moraghan, J.).
Because the applicability of § 52-592 is not properly CT Page 8205 raised on a motion to dismiss, the issue is not subject to the thirty day limitation under Practice Book § 142 since it does not truly implicate the jurisdiction of the court. Furthermore, although there is no authority addressing whether § 142 applies to this situation, in an analogous situation the court determined that "[t]he common law doctrine of forum non conveniens is not waived for failure to file a motion to dismiss within thirty days of the filing of an appearance because it does not contest the court's jurisdiction, venue, or insufficiency of process within the meaning of §§ 142 and 144." Afflerbach v.Furry, 2 Conn. L. Rptr. 762, 763 (November 9, 1990) (Hennessey, J.).
However, the court need not determine the issue of timeliness, especially in light of the fact that this issue is not properly brought on a motion to dismiss, but rather the defendants' motion fails on the merits.
The defendants maintain that although § 52-592 is applicable to a § 251 dismissal, the court must determine whether the plaintiff's diligence was reasonable. The defendants argue that because the plaintiff did not file a motion to reopen the judgment within four months after the dismissal under § 251, the plaintiff's conduct was not reasonable and should not be afforded the protection of § 52-592.
The Supreme Court has determined that "pursuant to General Statutes § 52-592, the accidental failure of suit statute, both the dismissal [under Practice Book § 251] and the denial of a motion to open the dismissal may be followed by a reinstitution of the underlying claim regardless of whether amotion to open the judgment has been filed." (Emphasis added; footnote omitted.) Morelli v. Manpower, Inc., 226 Conn. 831, 836,628 A.2d 1311 (1993); see also Gagliardi v. Home Depot, Inc.,9 Conn. L. Rptr. 355, 8 CSCR 786 (1993) (Gray, J.); Parker v. Walls Temple,7 Conn. L. Rptr. 298, 7 CSCR 1104 (1992) (Hendel, J.).
The plaintiff's failure to file a motion to reopen the prior action within four months of the judgment does not render §52-592 inapplicable. For these reasons, the defendants' motion to dismiss is denied.