[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN DISMISSAL
Plaintiff has moved to reopen a dismissal. The named defendant has objected and the third party defendant has left the matter to the discretion of the court.
"[T]he proper way to open a Sec. 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book, Sec. 326" Pump Services Corporation v. Roberts,19 Conn. App. 213, 216, 561 A.2d 464 (1989). Section 326 provides, in part, that: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed."
"Within four months of the date of the original judgment, Practice Book Sec. 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." Hirtle v. Hirtle, 217 Conn. 394, 398,586 A.2d 578 (1991).
The Court allows counsel for the defendant Yankee Gas $1000.00, and no more, as counsel fees in connection with this matter, this sum is to be a credit to said defendant to be applied to any monetary judgment the plaintiff receives from it. If the plaintiff receives no monetary damages against the defendant from the jury, then it is to be paid by the plaintiff to the defendant on the day the verdict enters, notwithstanding any postverdict motions.
The asphalt sample is to be personally delivered forthwith
to the office of the defendant's counsel for testing and any claims of spoliation of evidence shall be made to the trial judge if in fact there is some claim of prejudice by the delay in delivery.
The revised complaint is to be filed forthwith.
Due return of compliance with these orders in writing, is to be made forthwith to the Clerk by plaintiff's Counsel. CT Page 4455
It would serve little purpose to restate the long and tortuous record of the procedural history of this case. Suffice to say, the most recent dismissal occurred because of a failure to timely revise a Complaint and to provide the named defendant with a sample of asphalt for independent testing. Present Counsel is relatively new to the case, did not timely comply with prior court orders by inadvertence, and represents that the plaintiff has a colorable cause of action which ought to be tried on its merits. Substantial work has been done to date in the prosecution and defense of this action which preceded the dormancy dismissal. To have the case end in dormancy dismissal after all which has preceded it during the last five years would be an unbalanced and unjust result worthy of invoking the epigram of Quintus Horatius Flaccus: "Parturient montes, nascetur ridiculus mus." In light of all of the circumstances, the court finds compelling reasons to reopen the dismissal with the above orders to be complied with by the plaintiff.
Finally, as was once observed by Justice Shea, a man possessed not only of considerable intellect but also blessed with wide experience in the practice of law and as a trial judge, "our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw." Andrew Ansaldi Co. v. Planning ZoningCommission, 207 Conn. 67, 75-76. This court agrees that a policy best serves justice, which permits matters to be heard upon the merits.
Motion to reopen is granted.
FLYNN, J.