[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
PROCEDURAL HISTORY
The following procedural history is based on copies of pleadings in a reconstructed file.
On June 28, 1989, the plaintiff, City of New Britain (Board CT Page 5435 of Water Commissioners), filed an application appealing from the action of the defendant, Board of Tax Review of the Town of Burlington. The application consisted of 114 counts. The first three counts exemplify the nature of the allegations throughout the complaint and therefore, the court will not repeat the substance of those allegations beyond describing the pattern of those allegations. The first count alleges that the applicant owned property on October 1, 1988 and that the value placed on a particular parcel of land on the assessment date of October 1, 1988 was "grossly excessive, disproportionate and unlawful." The second count alleged that the assessment was "manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of such property." Further, the plaintiff alleged that it intended to to provide the applicant with written notice of the increase in valuation as required by Connecticut General Statutes § 12-55
As of July 27, 1989, the defendant appeared. On February 23, 1990, the plaintiff filed a motion for default for failure to plead. On April 11, 1990, the court granted an oral motion to exempt the case from the dormancy list. Also on April 11, 1990, the plaintiff filed a claim to the short calendar list of the February 23, 1990 motion for default for failure to plead. Subsequently, the defendant filed a request to revise on April 20, 1990 and on May 7, 1990, the plaintiff filed a request for leave to amend the application and an amended application.
The second count of the amended application specified §§12-62, 12-62a and 12-76 of the General Statutes as those which the defendant disregarded in determining the valuation of the property. However, the amended application also added counts 115 through 190 and made the same pattern of allegations as indicated above; however, the plaintiff alleged, in addition, that these allegations pertained to its ownership of the numerous parcels on October 1, 1989.
On July 2, 1990, the defendant filed a motion for non suit as the plaintiff's request for leave to amend had not yet been granted. Also on that date, the court sent a notice to the parties which stated that the default for failure to plead was marked off and that a request to revise filed April 20, 1990 and the request for leave to amend had yet to be addressed.
Thereafter, the plaintiff filed a notice of intent to argue the defendant's motion for nonsuit of July 2, 1990. On October CT Page 5436 23, 1990, the court granted the plaintiff's request for leave to amend the application. On October 29, 1990, the motion for default for failure to plead was granted. Then on December 7, 1990, judgment of dismissal entered for failure to prosecute the action with reasonable diligence pursuant to Practice Book § 251. On January 7, 1991, the plaintiff filed a motion to reopen the judgment of dismissal with an affidavit. In the bottom margin of the first page of the motion the plaintiff noted as follows: "Oral argument requested. No testimony required. Practice Book section 377."
The plaintiff reclaimed the motion to reopen to the short calendar list on September 11, 1991 and on September 23, 1991. The motion was never heard by the court. The plaintiff did not seek to amend its application each year after 1990 to incorporate the additional tax years for which the assessment applied. The plaintiff took no further action with regard to the case. The court file was subsequently destroyed pursuant to Practice Book § 403B.
On July 3, 1997, the plaintiff filed a motion to reopen the judgment of dismissal and a law firm, other than the office of the corporation counsel, filed an appearance. The defendants objected to the appearance of the new law firm, Updike, Kelly Spellacy, P.C., on the grounds that the case had not been reopened and no case was therefore pending. Further, the defendant objected to the motion to reopen the judgment of dismissal and to the reconstruction of the file.
The file was reconstructed despite the defendant's objection. It is the reconstructed file, as well as any additional copies of pleadings submitted by counsel pertaining to the original file, upon which this court makes its determination. The court has not considered the matters raised in letters to the court from counsel in connection with the scheduling of the motion to reopen and pleadings in opposition.
This court heard oral argument and testimony on February 27, 1998 with regard to the plaintiff's motion to reopen and the defendant's objections thereto. The court overruled the objection to the plaintiff's counsel's appearance on purely practical grounds: the court needed counsel to argue the motion to reopen. The motion to reopen is denied.
DISCUSSION CT Page 5437
The court finds the following facts. The plaintiff filed the motion to reopen the judgment within the four months mandated by Practice Book § 326 and reclaimed it. The defendant objected to the reopening of the judgment on the ground that the court lacked jurisdiction to reopen the judgment pursuant to Practice Book §§ 377 and 326.
Section 326 of the Practice Book states in pertinent part as follows: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which the notice was sent. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."
The motion to reopen bears the notation that relief is sought pursuant to Practice Book § 377. That section provides, in pertinent part, as follows: "Any judgment rendered or decree passed upon a default or non suit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."
The court agrees with the defendant that this section does not apply to the judgment entered because the judgment was one of dismissal for failure to prosecute rather than judgment upon a default. "A review of our Practice Book and case law indicates that the proper way to open a § 251 judgment of dismissal is to file a motion to open the judgment pursuant to Practice Book § 326. . . ." (Citations omitted.) Pump Services Corporation v.Roberts, 19 Conn. App. 213, 216 (1989). However, the court does not rely on this ground for its conclusion as it would exalt form over substance and is not relevant to the grounds of the dismissal.
The court also does not agree that it lacks jurisdiction to reopen the judgment pursuant to Practice Book § 326. The CT Page 5438 defendant cites Van Mecklenburg v. Pan American World Airways,Inc., 196 Conn. 517 (1985) for the proposition that the court does not have jurisdiction. In that case, the plaintiff filed a motion to open judgment of dismissal pursuant to Practice Book § 251 but failed to pay the required filing fee. The Supreme Court held that the motion was not timely filed until the fee was paid, and that the trial court did not have jurisdiction to reopen the judgment of dismissal. In Batory v. Bajor,22 Conn. App. 4 (1990), cert denied, 215 Conn. 812, the Supreme Court found the trial court without jurisdiction to reopen a judgment where the motion to open or set aside was untimely filed and the time limitation not waived. These cases are distinguished from the instant case, wherein, a motion to reopen was timely filed.
"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book § 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . ." (Citations omitted) Heyman Associates No. 1 v. Insurance Co. OfPennsylvania, 231 Conn. 756, 786 (1995). The instant case was dismissed by the court in error and the motion to reopen would have been properly before the court had its scheduling on the short calendar been timely pursued. The plaintiff failed, however, to follow up with the clerk's office as to why the motion was not placed on the calendar. The plaintiff failed to amend its application to add subsequent years' valuations. In fact, the plaintiff continued to pay 90% of the tax bill over the ensuing years without trying to learn why no decision had been rendered on its motion to reopen.
The plaintiff proffered no evidence of a good or compelling reason in support of its motion. The court's error in dismissing the case does not weigh as heavily in the balance as does the plaintiff's failure to prosecute its motion to reopen.
It would appear that the motivation for the filing of the July 1997 motion to reopen was the decision of the Connecticut Supreme Court in Metropolitan District v. Town of Burlington,241 Conn. 382 (1997). This court is not persuaded that the decision against the Town of Burlington in that case merits the reopening of this case.
The court finds that the plaintiff is guilty of laches and estopped from reopening the judgment. "Laches consists of an CT Page 5439 inexcusable delay which prejudices the defendant." . . . (Citations omitted). Danaher v. C.N. Flagg Co., 181 Conn. 101,107 (1980). "[L]aches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." (Citations omitted; internal quotation marks omitted). Berin v. Olson, 183 Conn. 337, 344
(1981).
This court finds that the plaintiff's delay in rediscovering the case is inexcusable. The court also finds that the delay prejudiced the Town of Burlington. The town collected tax revenues from 1989 to the present. Returning these revenues could wreak a substantial hardship on the defendant which has used those tax monies. Through no fault of its own the town relied on the failure of the plaintiff to press its action. It can be argued that the defendant should have questioned the failure of the plaintiff to pay 10% of the taxes due. However, the Town of Burlington was under no obligation to question the status of the plaintiff's case.
The court declines to exercise its discretion to reopen the judgment on the ground that there must be finality in the litigation process. In Skibeck qv. Avon, 24 Conn. App. 239, cert denied, 219 Conn. 912 (1991), the plaintiff' s decedent' s underlying action was dismissed pursuant to Practice Book § 251 on three occasions. The plaintiff executrix brought suit eight years later under General Statutes § 52-592, the accidental failure of suit statute. In granting the motion for summary judgment, the court stated "[t]o allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process. . . ." (Citations omitted.) Id., 243.
Accordingly, the court overrules the objection to the appearance of counsel, notes that the motion in opposition to the reconstruction of the file is moot, and denies the motion to reopen the judgment of dismissal.
SANDRA VILARDI LEHENY JUDGE, SUPERIOR COURT