[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
The Plaintiff filed a Motion to Open Judgment claiming fraud, CT Page 9122 mistake, or accident. Her principle argument was that she gave up alimony and child support (there were no minor children) in exchange for Vermont real estate which was listed on both parties' financial affidavits as having a fair market value of $30,000. It now turns out that the property had been lost in a tax foreclosure some years before the dissolution of marriage. Both parties claimed to have no knowledge of the foreclosure although evidence indicated that both had been notified by the tax collector by registered mail. There was considerable disputed testimony about the events leading up to the separation agreement, the terms of which were approved by the court and incorporated into the decree.
The issue presented here is whether a financial award in an uncontested decree of dissolution of marriage based on a signed separation agreement, may be opened and remanded for a new trial.
It is axiomatic that there must be a meeting of the minds of the parties to a contract. It has long been the practice in Connecticut to approve judgments of dissolution of marriage in an uncontested proceeding based on an agreement of the parties. "With . . . judicial supervision, private settlement of the financial affairs of estranged marital partners is a goal that courts should support rather than undermine." Baker v. Baker,187 Conn. 315, 322 (1992).
 "The presiding judge has the obligation to conduct a searching inquiry to make sure that the settlement agreement is substantially fair and has been knowingly negotiated." Monroe v. Monroe, 177 Conn. 173, 183-184, cert. denied, 444 U.S. 801 (1979).
This was done in this case on the date of final hearing.
The wife's motion to open the judgment was filed within the four-month period provided by Practice Book Sec. 17-4, which provides:
 "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this action or otherwise submit to the jurisdiction of CT Page 9123 the court."
General Statutes Sec. 52-212a is identical. Such a motion is addressed to the trial court's discretion. Pump ServicesCorporation v. Roberts, 19 Conn. App. 213, 215 (1989); Acheson v.White, 195 Conn. 211, 215 (1985); Celanese Fiber v. Pic Yarns,Inc., 184 Conn. 461, 467 (1981). "While such a motion should not be readily granted without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." Steve Viglione Sheet Metal Co. v.Sakonchick, 190 Conn. 707, 711 (1983).
Here, the court finds, based on the evidence and the inferences reasonably drawn therefrom, that there are no strong reasons to open or set aside the judgment.
The defendant further claims that the judgment should be opened because of mistake.
Our Supreme Court has recently said:
 "A stipulated judgment is not a judicial determination of any litigated right. It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. It is the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement.
 It necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake.
 For a judgment by consent is just as conclusive as one rendered upon controverted facts." Gillis v. Gillis, 214 Conn. 336, 339-340 (1990) (internal citations and quotation marks omitted).
A mutual mistake is defined as one common to both parties where the written instrument fails to express the real agreement CT Page 9124 or transaction and effects a result which neither intended. SeeLopinto v. Haines, 185 Conn. 527, 532 (1981).
There is no mutual mistake fitting this definition in this case, nor is there any evidence of fraud or accident. Even if there was, there was also no evidence introduced that a new trial would produce a different result. It appears the plaintiff wants a second bite of the apple. One purpose of a matrimonial judgment is to unscramble the financial affairs of the parties. This was done at the time of the original judgment. To now permit a reopening would plunge the parties into territory they should fear to tread and which might not produce a different result.
Accordingly, the Motion to Reopen is denied.
CUTSUMPAS, J.